IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
9/24/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

NANCY S. o/b/o MARVIN R., *deceased*, )
)
Plaintiff, ) Case No. 4:25-cv-00024
)
v. ) **MEMORANDUM OPINION**
)
COMMISSIONER OF SOCIAL SECURITY, ) By: Hon. Thomas T. Cullen
) United States District Judge
Defendant. )

---

This social security appeal was referred to the Hon. Joel C. Hoppe, United States Magistrate Judge, for proposed findings of fact and recommended disposition under 28 U.S.C. § 636(b)(1)(B). Judge Hoppe filed a report and recommendation ("R&R") on May 19, 2026, recommending that this court affirm the final decision of the Commissioner and dismiss this case. (ECF No. 21.) Plaintiff Nancy S. filed objections to the R&R, and her objections were fully briefed by the parties, making this matter ripe for disposition. For the reasons stated below, the court will overrule her objections, adopt the R&R in its entirety, and affirm the Commissioner's final decision below.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.[1]

---

[1] Plaintiff did not object to any portion of the factual or procedural background in the R&R, although she does dispute the ALJ's characterization of some of it.

## II. DISCUSSION

a. Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews *de novo* the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger *de novo* review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n.3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. See 42 U.S.C. §§ 405(g); *Biestek v.*

*Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (cleaned up); *see also Biestek*, 139 S. Ct. at 1154 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589). But a reviewing court should not "reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

b. Discussion

Plaintiff makes three primary objections to the R&R and, by extension, the Commissioner's written decision below:

> 1: The R&R Erred in Excusing the ALJ's Selective Recounting of Critical Record Evidence and in Supplying *Post Hoc* Rationalizations Not Found in the ALJ's Decision
> A: The R&R is Wrong Because It Applies the Wrong Legal Standard, Reclassifies Probative Evidence, and Supplies Reasoning the ALJ Never Gave
>
> 2: The R&R Erred in Finding Harmless the ALJ's Failure to Comply With SSR 16-3p When Penalizing [the Claimant] for the Nine-Month Treatment Gap
> A: The R&R is Wrong Because the Argument Was Not Waived and the Error Was Not Harmless
>
> 3: The R&R Failed to Address Plaintiff's Argument That the ALJ Failed to Acknowledge the Role of Spousal Support in Masking the Severity of [the Claimant's] Functional Limitations

A: The R&R is Wrong Because the Argument was Squarely Raised and the ALJ Had an Independent Regulatory Obligation to Consider Supports

(Pl.'s Br. [ECF No. 22].) None of her objections are persuasive.[2]

Plaintiff's first objection—her primary one, as this issue was the focus of her summary judgment brief—is unpersuasive. Plaintiff takes issue with the magistrate judge's and the ALJ's alleged "sanitization" of an incident during which the claimant "shacked" his wife after learning that she failed to go to the store to get Dr. Pepper and a second incident during which he raised his voice to staff at his doctor's office. (*See* Pl.'s Obj. at 6–8 [ECF No. 22].) But what Plaintiff must admit is that both the ALJ and the magistrate judge fully considered those instances, even though they did not give them the weight that she would like. That is not error, and it is not this court's job to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

Moreover, Plaintiff's objection is essentially the inverse of what she contends was the ALJ's error: although she contends that the ALJ did not sufficiently consider the seriousness of these isolated outbursts, she herself oversells them.[3] What she described in her summary judgment brief as the claimant speaking "loudly" to staff at the doctor's office (Pl.'s Br. at 7 [ECF No. 15]) is oddly characterized in her objection as "physically attack[ing] medical-office

[2] The court agrees with Plaintiff that the Commissioner's response in opposition to her objections (ECF No. 23) was unhelpful to the court, and the Commissioner's refusal to engage with Plaintiff's arguments borders on waiving his defense of the R&R.

[3] But this is not to downplay the seriousness of domestic violence.

staff with his voice" (Pl.'s Obj. at 8). But hyperbole is not a legal argument. Because the ALJ and the magistrate judge considered and weighed this evidence, her objection will be overruled.

As to her second objection, the R&R correctly notes that the nine-month gap in treatment was but one of several reasons cited by the ALJ in support of her ultimate conclusion. (*See* R&R at 9 n.8.) Plaintiff does not dispute this. She nevertheless contends that the nine-month treatment gap was the "linchpin" of the ALJ's credibility analysis, and that the other reasons cited were insufficient to support the ALJ's conclusion on this score. Having reviewed this aspect of the ALJ's decision carefully, this court, like the magistrate judge, disagrees. In any event, those other reasons certainly constitute "more than a mere scintilla of evidence," *Craig*, 76 F.3d at 589 (cleaned up). Her objection will therefore be overruled.

Finally, her third objection raises an argument that was never presented to the magistrate judge.[4] (*See* ECF Nos. 15 [Pl.'s Mot. for Summ. J. Brief] & 18 [Pl.'s Mot. f. Summ. J. Reply Brief].) As the Commissioner rightly points out, "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation." *Elijah v. Dunbar*, 66 F.4th 454, 460 n.3 (4th Cir. 2023) (citing *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017)). This objection will be overruled.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's objections will be overruled, the R&R will be adopted, and the Commissioner's final decision will be affirmed.

[4] While Plaintiff did mention that, after she left the claimant, he took 90 trazodone pills (ECF No. 15 pg. 8), that statement of fact cannot reasonably be interpreted as raising the argument she now puts forth.

The Clerk is directed to forward this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 24th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE